## REMOVAL FROM OFFICE FOR A REASON NOT COVERED BY STATUTE.

Circuit Court of Cuyahoga County.

STATE OF OHIO, ON THE RELATION OF GEORGE BILLINGTON, v. BUD M. MERRIL.

Decided, May 10, 1909.

*Member of Council—Removal from Office—What Not Sufficient Cause—Office and Officer.*

Council of a municipality can not remove one of its members from office on the ground that he has married a wife in another place, outside of the municipality, who continues to reside there.

*Fred Desberg,* for plaintiff.
*Cook, McGowan & Foote,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The relator was the duly elected councilman of the village of Collinwood. On the 15th day of February, 1909, he was ousted from his office by the village council, and the defendant was elected in his place on March 8, 1909.

The resolution ousting the plaintiff was as follows:

"Whereas, the law provides that the council shall be the judge of the qualifications of its members, and whereas, George W. Billington has ceased to possess the qualifications of a member of the council, as prescribed by law in Section 120 of the municipal code of 1902, having removed from the municipality, and not having resided in Collinwood for a period of six or seven months last past, having acquired a legal residence elsewhere, to-wit, in Geneva, Ashtabula county, Ohio, by his marriage to a resident of Geneva who has continued to reside there, under the rule of law as embodied in Section 2946, Revised Statutes, that 'the place where the family of a married man resides shall be considered and held as his place of residence,' and

"WHEREAS, said Section 120 of the municipal code provides that any member of the council who shall cease to possess any of the qualifications therein required or shall remove from the municipality shall forthwith forfeit his office, now, therefore,

"*Be it Resolved,* by the council of the village of Collinwood, state of Ohio, that it is hereby found and determined that said George W. Billington has forfeited his office, and that the office of said George W. Billington as a member of the ·council of the village of Collinwood, be and the same is hereby declared vacant."

This resolution means that because of Billington's marriage to a resident of Geneva, Ohio, who has continued to reside there, he has become a non-resident of the village of Collinwood and therefore he has removed from said village.

The resolution is frivolous, and the reasons assigned for removing Billington are not reasons which can be sustained at law.

The conclusion drawn from the fact stated in the resolutions is not a correct conclusion either in law or good common sense, and because the resolution itself shows that the council acted unlawfully in attempting to remove the relator for a reason not assigned by statute for the removal of a councilman from office, the action of the council is set aside. We have not considered the question as to the right which the council itself has to judge of the election and qualification of its members or whether its action in that regard can be reviewed by the court; we have not been required to go into that matter, for the resolution on its face shows that relator was removed for a reason not given in the statute.

The judgment of ouster is therefore granted, as prayed for, and the relator inducted into the office to which he was elected.